Kerry W. Kircher, General Counsel (D.C. Bar 386816), Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (D.C. Bar 482949), William.Pittard@mail.house.gov
Isaac B. Rosenberg, Assistant Counsel (D.C. Bar 998900), Isaac.Rosenberg@mail.house.gov
Sarah E. Clouse, Staff Attorney (MA Bar 688187), Sarah.Clouse@mail.house.gov

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Respondent the Honorable Cynthia Lummis,*
*U.S. Representative for Wyoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JACQUELINE S. JUDD,<br><br>                              Petitioner,<br><br>           v.<br><br>CYNTHIA LUMMIS,<br>U.S. Representative for Wyoming,<br><br>                              Respondent. | Case No. 2:15-cv-00064-SWS |

## OPPOSITION TO MOTION TO SET HEARING AND
## REPLY IN SUPPORT OF MOTION TO DISMISS

Respondent the Honorable Cynthia Lummis, U.S. Representative for Wyoming, hereby

responds to Petitioner Jacqueline S. Judd's Motion to Set Hearing (June 18, 2015) (ECF No. 14)

("Hearing Motion"), which Congresswoman Lummis construes as Ms. Judd's opposition to the

Congresswoman's Motion to Dismiss (June 8, 2015) (ECF No. 12) ("Motion to Dismiss").  *See*

Hr'g Mot. at 1 (seeking a hearing "rather than dismissal").[1]

---

[1]  Were the Court to construe the Hearing Motion as simply a request for oral argument on the
Petition for Writ of Mandamus, Declaratory Judgment, and Permanent Injunction (Mar. 20,
2015) (ECF No. 2) ("Petition") and the Motion to Dismiss, Congresswoman Lummis maintains

The Hearing Motion wholly fails to respond to Congresswoman Lummis's many arguments in favor of dismissal.  On this basis alone, the Court should grant the Motion to Dismiss.  *See, e.g.*, *Poole v. Sw. Bell Tel. L.P.*, 86 F. App'x 372, 374 (10th Cir. 2003) (deeming claim "abandoned" where plaintiff "did not oppose the defendants' argument" in support of motion to dismiss); *Hutton v. Woodall*, --- F. Supp. 3d ----, No. 13-cv-1338, 2014 WL 4961458, at *4 (D. Colo. Oct. 3, 2014) (similar); *Stevens v. Water Dist. One of Johnson Cnty.*, 561 F. Supp. 2d 1224, 1229 n.1 (D. Kan. 2008) (similar).

But the Hearing Motion is more than merely unresponsive.  As explained below, the Hearing Motion fully reaffirms the many fatal jurisdictional and pleading defects plaguing the Petition, as Congresswoman Lummis laid out in detail in the memorandum of points and authorities filed in support of the Motion to Dismiss.  *See generally* Mem. of P. & A. in Supp. of Mot. to Dismiss of Resp't Hon. Cynthia Lummis (June 8, 2015) (ECF No. 13) ("Mem. in Supp.").

1. <u>Speech or Debate Clause Immunity</u>.  The Hearing Motion makes clear that Ms. Judd is challenging Congresswoman Lummis's alleged failure to "carry[] out the impeachment process."  Hr'g Mot. at 2; *see also, e.g.*, *id.* at 3 (alleging that Congresswoman Lummis "disregard[ed] . . . her oath of her office to commence/file the impeachment process").  The Hearing Motion also, for the first time,[2] takes issue with the Congresswoman's alleged failure to "obtain[] all necessary documentation, audio, video, and media and witnesses of proof needed to

---

that neither the Petition nor the Motion to Dismiss requires oral argument.  *See* Local Civil Rule 7.1(a) ("Motions may be decided on the submissions unless oral argument, at the Court's discretion, is ordered.").

[2]  Ms. Judd cannot properly use her opposition to the Motion to Dismiss as a means to supplement the allegations in the Petition.  *See Sudduth v. Citimortgage*, --- F. Supp. 3d ----, No. 14-cv-00874, 2015 WL 661766, at *4 n.2 (D. Colo. Jan. 28, 2015) (citing, among other cases, *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).

impeach and file criminal charges against [the President]," i.e., her alleged failure to undertake a congressional investigation.  *Id.*  For the reasons previously stated, however, the Speech or Debate Clause absolutely immunizes Congresswoman Lummis from such claims.  *See* Mem. in Supp. at 7-12.

2. Political Question Doctrine.  By doubling down on her challenge to Congresswoman Lummis's alleged failure to pursue the President's impeachment, *see, e.g.*, Hr'g Mot. at 2-3, Ms. Judd again runs headlong into the political question doctrine, *see* Mem. in Supp. at 13-14.

3. Standing.  The Hearing Motion underscores, emphatically, that the Petition seeks to vindicate only generalized harms allegedly suffered by "ALL the people" – not a concrete, particularized injury suffered personally by Ms. Judd.  Hr'g Mot. at 2.[3]  The Hearing Motion likewise makes clear that the President "and his administration" allegedly caused these injuries, *id.* at 2,[4] which injuries therefore are not fairly traceable to Congresswoman Lummis and thus cannot be redressed in an action brought solely against the Congresswoman.  Consequently, for

---

[3]  *See also, e.g.*, Hr'g Mot. at 1 (seeking "[h]earing rather than dismissal for the sake of the people"); *id.* (asserting that Ms. Judd "is a representative for the people of the state of Wyoming"); *id.* at 2 (alleging that "the American people" are "in vital and grave danger"); *id.* (alleging that "not ONE individual citizen of this United States of America; yet ALL the people who reside in the state of Wyoming and this country" are "unsafe and unsecure now and in the future"); *id.* at 3 (alleging that President's actions "threaten[] the very lives, safety, freedoms, values, liberties of the People of the United States of America" and "continually harm[] all Americans").

[4]  *See also, e.g.*, Hr'g Mot. at 1 (President's "provocations, miss leading [sic], false, and fraudulent acts, speeches, and implantation of all illegal and unconstitutional proceedings and actions"); *id.* (President is "domestic terrorist"); *id.* at 2 ("Americans['] liberties and freedoms are being strangled and depleted by [the President] and his administration, by implementing and carrying out illegal and unconstitutional laws, bylaws, regulations, acts, and decrees"); *id.* (President "has been engaging in the commission of crimes against the people and our country"); *id.* (President "has supplied arms, funds, aids and abets the enemies of the United States of America; passed illegal laws, illegal immigration laws, and numerous other unconstitutional and illegal acts against the constitution of the United States of America"); *id.* (President's "illegal actions, scams, and speeches . . . while in office"); *id.* at 3 (President's "blatant disregard for the constitution of the United States" amounting to "impeachable and criminal offenses").

the reasons previously stated, Ms. Judd has not established, and cannot establish, Article III

standing.  *See* Mem. in Supp. at 15-17.

4.  <u>Sovereign Immunity</u>.  Rather than identify an express, statutory waiver of sovereign

immunity that would permit this action to proceed, *see* Mem. in Supp. at 19-20, the Hearing

Motion simply appeals to equity "for the sake of the people," Hr'g Mot. at 1.  Such an appeal is

insufficient to subject a federal official to civil suit in her official capacity.

5.  <u>Failure to State a Claim</u>.  The Hearing Motion confirms that Ms. Judd improperly

seeks Congresswoman Lummis's removal from office.  *See, e.g.*, Hr'g Mot. at 1 (demanding that

Congresswoman Lummis "show cause to the people why she should remain the representative

for the people of the state of Wyoming").  The Hearing Motion likewise relies on patently

inapplicable provisions of Wyoming's state constitution as authority for judicial removal of a

Member of the U.S. House of Representatives.  *See id.* at 3.  For the reasons previously stated,

only the U.S. House of Representatives has the power to expel its members.  *See* Mem. in Supp.

at 18, 24.[5]

The Hearing Motion reaffirms Ms. Judd's complaint that Congresswoman Lummis

"ignored and refused the pleads [sic] and demands of the people of her state . . . to

commence/file the impeachment process," Hr'g Mot. at 3, notwithstanding that a constituent's

---

[5]  Moreover, even assuming that Wyoming's state constitution possibly could apply here, the Court still would lack the authority to command Congresswoman Lummis's removal from office.  Like Article I, section 5, clause 2 of the U.S. Constitution, Article III, section 12 of Wyoming's state constitution vests the Wyoming legislature with the exclusive power to discipline its members, including through expulsion "with the concurrence of two-thirds." Wyoming's state constitution similarly vests the Wyoming House of Representatives – not private litigants and courts – with "the sole power of impeachment."  Wyo. Const. art. III, § 17; *contra* Hr'g Mot. at 3 (contending that "Article III Section 16 and 18 of the Wyoming Constitution . . . grants *the people* the right to impeach and or file criminal charges on members of the legislators [sic]").

mere dissatisfaction with her Congresswoman is not a cognizable cause of action, *see* Mem. in Supp. at 22 & n.19.

Finally, to the extent that the Hearing Motion – also, for the first time, *see supra* note 2 – challenges Congresswoman Lummis's failure to "fil[e] criminal charges" against the President, Hr'g Mot. at 2, Ms. Judd has failed to state a claim upon which relief can be granted:  The Supreme Court has explained that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."  *United States v. Nixon*, 418 U.S. 683, 693 (1974); *accord Smith v. Krieger*, 389 F. App'x 789, 798 (10th Cir. 2010) ("The long-standing view of the Supreme Court is that such power [to prosecute crimes in the name of the United States] is exclusive [to the Executive Branch].").

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Memorandum in Support, the Court must dismiss the Petition, with prejudice.

Respectfully submitted,

KERRY W. KIRCHER, D.C. Bar No. 386816
General Counsel
WILLIAM PITTARD, D.C. Bar No. 482949
Deputy General Counsel
*/s/ Isaac B. Rosenberg*
ISAAC B. ROSENBERG, D.C. Bar No. 998900
Assistant Counsel
SARAH E. CLOUSE, MA Bar No. 688187
Staff Attorney

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Phone: (202) 225-9700
Fax:     (202) 226-1360
Isaac.Rosenberg@mail.house.gov
Sarah.Clouse@mail.house.gov

*Counsel for Respondent the Honorable Cynthia
Lummis, U.S. Representative for Wyoming*

June 23, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2015, I filed the foregoing Opposition to Motion to Set

Hearing and Reply in Support of Motion to Dismiss via the CM/ECF system of the U.S. District

Court for the District of Wyoming, which I understand caused service on all registered parties.  I

further certify that I served one copy by first class mail, postage prepaid, on:

    Ms. Jacqueline S. Judd
    155 North Fenway Street
    Casper, WY  82601


                    */s/ Sarah E. Clouse*
                    Sarah E. Clouse