Kerry W. Kircher, General Counsel (D.C. Bar 386816), Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (D.C. Bar 482949), William.Pittard@mail.house.gov
Isaac B. Rosenberg, Assistant Counsel (D.C. Bar 998900), Isaac.Rosenberg@mail.house.gov
Sarah E. Clouse, Staff Attorney (MA Bar 688187), Sarah.Clouse@mail.house.gov

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Respondent the Honorable Cynthia Lummis,*
*U.S. Representative for Wyoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

JACQUELINE S. JUDD,

                           Petitioner,

         v.                                      Case No. 2:15-cv-00064-SWS

CYNTHIA LUMMIS,
U.S. Representative for Wyoming,

                           Respondent.

## OPPOSITION TO MOTION TO DENY DISMISSAL

Respondent the Honorable Cynthia Lummis, U.S. Representative for Wyoming, hereby

respectfully opposes Petitioner Jacqueline S. Judd's Motion to Deny Dismissal (July 6, 2015)

(ECF No. 16) ("Motion to Deny").  Notwithstanding its caption, the Motion to Deny is simply

another – untimely and/or unauthorized – brief opposing Congresswoman Lummis's pending

Motion to Dismiss (June 8, 2015) (ECF No. 12) ("Motion to Dismiss").  The Motion to Deny should be denied.[1]

This Court's Local Rules permit litigants to file briefs opposing dispositive motions no later than "fourteen (14) days from the filing of the motion."  Local Civil Rule 7.1(b)(2)(A). Congresswoman Lummis filed her Motion to Dismiss on June 8.  Ms. Judd therefore had until June 22 to file her opposition to that motion, which she ostensibly did on June 18 in the form of a Motion to Set Hearing (ECF No. 14) ("Hearing Motion").  The Congresswoman thereafter timely filed a reply brief in support of her Motion to Dismiss (June 23, 2015) (ECF No. 15). Nearly two weeks after that – *fourteen* days after the June 22 deadline for filing her opposition brief – Ms. Judd filed this Motion to Deny, which does little more than repeat the same unavailing arguments that she made in her Hearing Motion opposing dismissal of this matter.[2]

Construed as a second brief opposing the Motion to Dismiss, the Motion to Deny is untimely.  *See* Local Civil Rule 7.1(b)(2)(A).  Construed as a surreply – which Ms. Judd did not have the Court's permission to file – the Motion to Deny is both unauthorized and unnecessary. *See, e.g.*, *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013) (district courts have discretion to grant surreplies, upon request, to allow non-movants to address "new materials or new arguments in the [other] part[ies'] reply brief[s]").  And construed as a standalone motion

---

[1]  The Court alternatively should strike the Motion to Deny from the docket.  *See generally Merrill Scott & Assocs., Ltd. v. Concilium Ins. Servs.*, 253 F. App'x 756, 763 (10th Cir. 2007) (holding that district courts have discretion to strike untimely briefs).

[2]  *See, e.g.*, Mot. to Deny at 2 (President Obama is "considered a domestic terrorist" who "continues to abuse his powers through illegal and unconstitutional executive orders" and who advances a "ruling and dictatorship and communi[s]t agenda" in violation of U.S. Constitution); *id.* (Congresswoman Lummis had "full knowledge of all scandalous, tyrannical and treasonous actions [by President Obama]" but "ignored the cries, pleas and demands of the people to start the impeachment process," for which Congresswoman Lummis "should be held accountable for her non-compliance of [sic] her oath of office"); *id.* (reasserting generalized grievances "as a representative for the people of Wyoming").

(as it was docketed) seeking relief from the Court's May 27, 2015 order (ECF No. 11) denying Ms. Judd's first Motion to Set Hearing (May 12, 2015) (ECF No. 9), the Motion to Deny fails to set forth any grounds for doing so (of which there are none).  *See generally* Fed. R. Civ. P. 60(b).

Under no circumstances does the Motion to Deny comply with either the Federal Rules of Civil Procedure or this Court's Local Rules, notwithstanding the Court's admonishment that "pro se parties are expected to follow the same rules of procedure that govern other litigants."  Order Denying Mot. to Set Hr'g (May 27, 2015) (ECF No. 11).  Nor, in any event, does the Motion to Deny offer any reason to permit this matter to proceed further in spite of the numerous jurisdictional and pleading defects plaguing it, as discussed at length in Congresswoman Lummis's previous filings.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Deny.

Respectfully submitted,

KERRY W. KIRCHER, D.C. Bar No. 386816
General Counsel
WILLIAM PITTARD, D.C. Bar No. 482949
Deputy General Counsel
*/s/ Isaac B. Rosenberg*
ISAAC B. ROSENBERG, D.C. Bar No. 998900
Assistant Counsel
SARAH E. CLOUSE, MA Bar No. 688187
Staff Attorney

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Phone: (202) 225-9700
Fax:    (202) 226-1360
Isaac.Rosenberg@mail.house.gov
Sarah.Clouse@mail.house.gov

*Counsel for Respondent the Honorable Cynthia
Lummis, U.S. Representative for Wyoming*

July 7, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2015, I filed the foregoing Opposition to Motion to Deny

Dismissal via the CM/ECF system of the U.S. District Court for the District of Wyoming, which

I understand caused service on all registered parties.  I further certify that I served one copy by

first class mail, postage prepaid, on:

Ms. Jacqueline S. Judd
155 North Fenway Street
Casper, WY  82601


  _/s/ Sarah E. Clouse_____
Sarah E. Clouse