U.S. DISTRICT COURT
DISTRICT OF WYOMING
AUG 26 2015  11:20 pm
Stephan Harris, Clerk
Casper

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

JACQUELINE S. JUDD,

    Petitioner,

vs.

CYNTHIA LUMMIS, U.S. Representative for Wyoming,

    Respondent.

Case No. 2:15-CV-0064-SWS

## ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Respondent's *Motion to Dismiss* (ECF No. 12) Ms. Judd's *Petition for Writ of Mandamus, Declaratory Judgment, and Permanent Injunction* ("Petition") (ECF No. 2).[1] The Court, having considered the motion and Ms. Judd's responses thereto,[2] and being otherwise fully advised, FINDS and ORDERS as follows:

1.     Ms. Judd has filed this action attacking Congresswoman Lummis for allegedly "aiding and abetting" various actions of President Obama, whom Ms. Judd characterizes as "a domestic terrorist . . . who has not upheld his oath of the constitution of the United States of America." (Pet. at 2.) Among other things, Ms. Judd complains

---

[1] Ms. Judd initially filed her Petition in the Seventh Judicial District Court for the State of Wyoming. Respondent subsequently removed the matter to this Court.

[2] Petitioner submitted three separate filings presumably in response to the Motion to Dismiss: Motion to Set Hearing (ECF No. 14), Motion to Deny Dismissal (ECF No. 16), and Opposition to Defendant's Motion to Dismiss (ECF No. 18). None of these filings directly responds to the jurisdictional arguments raised by Respondent.

that Congresswoman Lummis has not pursued the President's impeachment, notwithstanding numerous allegedly illegal and unconstitutional Executive Branch policies and practices. *Id.* at 2-5. The Petition seeks a "writ of mandamus, declaratory judgment, and permanent injunction" ostensibly to compel Representative Lummis to "file the impeachment process" (*see id.* ¶ k; Pet'r's Mot. to Set Hr'g at 2) or, in the absence thereof, seeks Representative Lummis' impeachment, pursuant to the Wyoming Constitution, for allegedly violating her own oath of office (Pet. at 5).

2. Respondent advances five independently dispositive grounds for dismissal of Ms. Judd's Petition: (1) the Speech and Debate Clause, U.S. Const. art. I, § 6, cl. 1, absolutely protects Congresswoman Lummis from claims challenging her legislative actions (or inactions); (2) Ms. Judd's claims present non-justiciable political questions; (3) Ms. Judd lacks Article III standing to bring this action; (4) Ms. Judd's claims are barred by sovereign immunity; and (5) the Petition fails to state a claim upon which relief can be granted so dismissal is warranted under F.R.C.P. 12(b)(6). Because the Court agrees the Speech and Debate Clause bars this action, Respondent's other arguments, though meritorious, need not be addressed.

3. The Speech or Debate Clause of the U.S. Constitution states: "[F]or any Speech or Debate in either House, [members of Congress] shall not be questioned in any other Place." "The Supreme Court has interpreted the Speech [or] Debate Clause as erecting an absolute bar against all lawsuits challenging a Senator or Representative's

legitimate legislative activities[.]" *Peterson v. Hatch*, No. 96-4023, 1996 WL 421946, at *1 (10th Cir. July 26, 1996) (unpublished). "Insofar as the Clause is construed to reach [matters other than speech or debate], they must be an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Gravel v. United States*, 408 U.S. 606, 625 (1972). Importantly for purposes of this case, these "other matters which the Constitution places within the jurisdiction of either House" include activities in furtherance of the Impeachment Clauses, U.S. Const. art. I §§ 2 and 3. *See In re Request for Access to Grand Jury Materials*, 833 F.2d 1438, 1446 (11th Cir. 1987) (the "Speech [or] Debate Clause is applicable because impeachment is viewed as a legislative activity in the sense that it is one of the other matters which the Constitution places within the jurisdiction of either House").

4. "The Clause reflects the Founders' belief in legislative independence." *Rangel v. Boehner*, 785 F.3d 19, 23 (D.C. Cir. 2015). "[T]he clause not only provides a defense on the merits but also protects a legislator from the burden of defending [her]self." *Powell v. McCormack*, 395 U.S. 486, 502-03 (1969). "The prospect of civil liability lessens the ability of the Members of the Congress to 'represent the interests of their constituents,' *Powell*, 395 U.S. at 503, and litigation itself 'creates a distraction and

3

forces Members to divert their time, energy, and attention from their legislative tasks,'" *Eastland*, 421 U.S. at 503." *Rangel*, 785 F.3d at 23. "[O]nce it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." *Peterson*, 1996 WL 421946, at *1 (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975)).

5.  The Petition here overtly challenges acts or omissions by Representative Lummis that clearly fall "within the legislative sphere." For instance, Petitioner complains about (i) "the passing of . . . laws" (Pet. ¶ e); (ii) the manner in which the House has conducted (or not conducted) investigations of certain Executive Branch programs and activities (*see id.* ¶¶ h-i, l-o); (iii) funding of foreign enemies (*id.* ¶ g); (iv) congressional involvement in the "immigration laws" (*id.* ¶ j); and (v) Congress's non-impeachment of the President (*id.* ¶ k). *See Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (Speech or Debate Clause protects Congress' enactment of certain legislation and the decision of individual Congressmen not to take particular legislative action); *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 10-11 (D.C. Cir. 2006) (legislative process includes proposing legislation, voting on legislation, authorizing investigations and issuing subpoenas, and making, publishing, presenting, and using legislative reports). Ms. Judd may disagree with Representative Lummis' "legislative judgment" on these matters, but the "Speech [or] Debate Clause precludes judicial reexamination of those legislative policy choices." *Peterson*, 1996 WL 421946, at *1.

Thus, Ms. Judd's Petition must be dismissed for lack of subject matter jurisdiction. *See Rockefeller*, 234 F. App'x at 856. THEREFORE, it is hereby

ORDERED that Respondent's *Motion to Dismiss* (ECF No. 12) is GRANTED and this action is DISMISSED with prejudice.

Dated this 26th day of August, 2015.

Scott W. Skavdahl
United States District Judge